IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GULET MOHAMED, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:11-cv-50 (AJT/TRJ) |
| ) | |
| ERIC H. HOLDER, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Presently pending are Defendant's Motion to Dismiss [Doc. No. 104] and Plaintiff's Motion to Compel [Doc. No. 91]. By Order dated September 15, 2014 [Doc. No. 139], the Court required the defendants to submit certain documents listed on its privilege log as privileged under the state secrets privilege and law enforcement privilege. On October 17, 2014, the defendants submitted the documents *in camera, ex parte,* as required. The Court has reviewed those documents and based on that review has concluded as follows:

1. Certain of the submitted documents appear to contain confidential, security sensitive information that may fall appropriately within a law enforcement privilege. However, the information presented to date by the defendants in support of the state secrets privilege as to these documents is insufficient to allow the Court to conclude that "there is a reasonable danger" that disclosure of these documents to at least the plaintiff's counsel, under the protections of an adequate protective order, would disclose information that would "expose military matters which, in the interest of national security, should not be divulged." *U.S. v. Reynolds*, 345 U.S. 1, 10 (1953).

1

2. None of the documents are so related to plaintiff's procedural due process claims as to prevent either the plaintiff or the defendant from presenting or defending against those claims without the use of any of these documents, particularly in light of the public declarations submitted by the defendants, which describe in detail the procedures used in connection with the placement of an individual on the No Fly List. In this regard, the state secrets privilege is a judicially created rule of evidence, not a doctrine of sovereign immunity or non-justiciability, whose applicability and consequences, where applicable, are best considered within a specific context during the actual adjudication of any claims to which it may apply.[1]

3. Based on the above determinations, there is no need at this time for the Court to rule definitively on the state secrets privilege as it applies to these documents, since it appears to the Court that the case may proceed to a final adjudication of the procedural due process claims without such a ruling. Likewise, it appears to the Court that the plaintiff has no need for these documents to adequately present its procedural due process claims, a view the plaintiff himself has espoused. Nevertheless, to the extent that the defendants contend during the actual adjudication of these claims, within the context of either summary judgment or any evidentiary hearing, that it cannot adequately defend against such claims without the use of a specific

---

[1] This approach may be particularly appropriate where an applicable state secrets privilege would need to be reconciled with any Congressional mandate to provide "a timely and fair process" for individuals affected by the No Fly List, including an opportunity to "correct information contained in the system." See 49 U.S.C.A. § 44926(a) ( "[t]he Secretary of Homeland Security shall establish a timely and fair process for individuals who believe they have been delayed or prohibited from boarding a commercial aircraft because they were wrongly identified as a threat . . .") and 49 U.S.C. § 44903(j)(2)(C)(iii)(I) (requiring that there be an opportunity for a passenger prohibited from boarding an aircraft "to correct information contained in the system"). See also In re NSA Telecomms Records Litig., 564 F. Supp. 2d 1109, 1121 (N.D. Cal. 2008) (finding that the Foreign Intelligence Surveillance Act (FISA) preempts and displaces the state secrets privilege for the purposes of plaintiff's claims).

document claimed to be protected under the state secrets privilege, the Court will consider that claim in that specific context.

4. It appears to the Court that it may be possible for plaintiff's procedural due process claims to be adjudicated by way of summary judgment motions; and that the adjudication of those claims may eliminate the need, in whole or in part, to adjudicate the balance of plaintiff's claims.

For the above reasons, it is hereby

ORDERED that Defendants' Motion to Dismiss [Doc. No. 104] be, and the same hereby is, DENIED as to plaintiff's procedural due process claims, without prejudice, as stated herein; and it is otherwise taken under advisement, pending further orders of the Court; and it is further

ORDERED that Plaintiff's Motion to Compel [Doc. No. 91] be, and the same hereby is, DENIED as the documents submitted pursuant to the Court's Order dated September 15, 2014, without prejudice to its renewal based on the positions advanced by the defendants in connection with the adjudication of plaintiff's procedural due process claims; and it is further

ORDERED that any motions for summary judgment pertaining to plaintiff's procedural due process claim be filed on or before December 1, 2014, with oppositions and replies filed in accordance with Local Civil Rules 7 and 56. In that regard, the parties are directed to file with any summary judgment motions, to the maximum extent possible, stipulated facts.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
October 30, 2014