IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GULET MOHAMED, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:11-cv-50 (AJT/TRJ) |
| ) | |
| ERIC H. HOLDER, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER

Pending before the Court is Defendants' Motion to Stay [Doc. No. 146]. Upon consideration of the Motion, the memoranda in support thereof and in opposition thereto, and the record of proceedings in this case, the Court finds and concludes that the requested stay is not warranted and Defendants' Motion to Stay is DENIED.

Defendants seek a stay based on the contemplated revised redress procedures ordered in *Latif v. Holder*, Case No. 3:10-cv-0750 (D.Or.). The promulgation of those procedures does not, however, justify the requested stay. First, this case is currently in a fundamentally different procedural and substantive posture than *Latif v. Holder*. The court in *Latif* has already adjudicated the procedural due process claims arising out of a person's placement on the No Fly List. Here, those issues have not yet been decided; and Defendants have not conceded any procedural infirmities in connection with any placement of the Plaintiff on the No Fly List or his available remedies because of any placement on the No Fly List. Complicating this present posture is that unlike in *Latif*, where the parties appear to have litigated the procedural due process claims based on stipulated facts, without any obstacles posed by any claimed state secrets, Defendants appear to anticipate defending those same claims in this case, in whole or in

1

part, based on "information subject to the assertion of the state secrets privilege." Doc. No. 147 at 7. Accordingly, absent some agreement between the parties to proceed otherwise, the Court will need to decide the procedural due process issues based on the procedures already used for any placement of the Plaintiff on the No Fly List, not the Defendants' contemplated revisions to those procedures.[1] Litigation of his procedural due process claims therefore appears necessary, at this point, regardless of what the Defendants may promulgate by way of revised redress procedures; and to the extent that the Defendants' revised redress procedures becomes relevant, they may become so only after the adjudication of Plaintiff's claims, which under the current briefing schedule for summary judgment motions, will likely occur after the Defendants' projected issuance date for its revised redress procedures. The requested stay would therefore likely serve no useful purpose in promoting the prompt resolution of this case.

Moreover, at this point, the Court is not in a position to decide whether the relief afforded the plaintiffs in *Latif* would be the same as, similar to or different than the relief afforded plaintiff Mohamed, were this Court to adjudicate in his favor his procedural due process claims, which include both his initial placement on the No Fly List, as well as the redress procedures available to someone denied boarding. In any event, the scope of Defendants' revised procedures is not clear to the Court but it does not affirmatively appear that they will revise the procedures used to place plaintiff Mohamed on the No Fly List initially.

---

[1] In this regard, unlike the plaintiffs in *Latif*, plaintiff Mohamed has not invoked the redress procedures that were available to him before he filed suit, and successfully opposed any exhaustion requirement with respect to those procedures. Doc. No. 70 at 20-24 (Memorandum Opinion dated January 22, 2014). For that reason, there is no reason to think that plaintiff Mohamed would take advantage of the "similar opportunity [to that afforded to the plaintiffs in *Latif* under revised redress procedures]...once revised procedures have been completed, implemented, and finally applied to the *Latif* plaintiffs." Doc. No. 147 at 1-2.

Finally, Defendants have not made a sufficient showing of hardship or inequity, in the absence of the requested stay; and the requested stay would not promote the efficient, fair, prompt adjudication of Plaintiff's claims, but rather would unnecessarily delay that adjudication and unfairly prejudice the Plaintiff.

For the above reasons, it is hereby

ORDERED that Defendants' Motion to Stay [Doc. No. 146] be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
November 20, 2014